UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BEATRICE SHIRLEY WILLIAMS STEELE,

        Plaintiff,

    v.

USPS,

        Defendant.

**MEMORANDUM & ORDER**
22-CV-5902 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On September 29, 2022, Plaintiff, who resides in the Bronx, New York, filed this *pro se* employment discrimination action against her employer, the United States Postal Service ("USPS") pursuant to: (i) Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17; (ii) the Age Discrimination in Employment Act of 1967 (the "ADEA"), as codified 29 U.S.C. §§ 621 to 634; and (iii) the American with Disabilities Act of 1990 (the "ADA"), as codified, 42 U.S.C. §§ 12112 to 12117. ECF No. 1. As set forth below, the Court transfers this action to the United States District Court for the Southern District of New York.

Under the relevant statutes, an employment discrimination action may be brought in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (venue provision for claims brought under Title VII); 42 U.S.C. § 12117 (incorporating by reference, among other things, Title VII's venue provision for claims brought under Title I of the ADA).

Under the ADEA, the general venue provision applies:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Plaintiff alleges that the USPS discriminated against her while she was working at the Planetarium at 127 West 83rd Street, New York County, processing passport applications. Thus, it appears that the alleged unlawful employment action took place at that location. Plaintiff does not allege where relevant employment records are maintained or administered. Furthermore, Plaintiff does not reside in this district nor did her claims arise in this district.

Under Title VII and the ADA's venue provisions, this Court, and every other federal district court within the State of New York, are proper venues for this action. *See* 42 U.S.C. § 2000e-5(f)(3). Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may nevertheless transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."). Under Section 1404(a), transfer is appropriate here. All the alleged events appear to have occurred in New York County, in the Southern District of New York, *see* 28 U.S.C. § 112(b), where Plaintiff asserts that she was employed by the USPS. Thus, the Southern District of New York is a more appropriate forum for this action.

## **CONCLUSION**

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1404(a). A ruling on whether Plaintiff should be permitted to proceed further without prepayment of fees is reserved for the transferee Court. *See* ECF No. 5. No summons shall issue from this Court.

Rule 83.1 of the Local Rules for the Eastern District of New York, which requires a seven-day delay in the transfer of relevant case materials, is waived.

The Court certifies pursuant to 28 U.S.C § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket

SO ORDERED.

                                                   */s/ Hector Gonzalez*
                                                   HECTOR GONZALEZ
                                                   United States District Judge

Dated: Brooklyn, New York
        October 25, 2022